**DOLL AMIR & ELEY LLP**
GREGORY L. DOLL (SBN 193205)
gdoll@dollamir.com
TED A. GEHRING (SBN 218715)
tgehring@dollamir.com
725 S. Figueroa Street, Suite 3275
Los Angeles, California 90017
Tel:   310.557.9100
Fax:  310.557.9101

Attorneys for Defendant,
OATH HOLDINGS INC.,
erroneously named as "YAHOO, INC."

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARSTEN ROSENOW,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., YAHOO, INC.;<br><br>Defendants. | Case No. 3:19-CV-01297-WQH-MDD<br><br>*Assigned to Judge William Q. Hayes*<br>*Referred to Magistrate Judge Mitchell D. Dembin*<br><br>**DEFENDANT OATH HOLDINGS INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FED. R. 12(b)(6) MOTION TO DISMISS COMPLAINT**<br><br>*[Notice of Motion and Motion to Dismiss Complaint, Request for Judicial Notice, and Proof of Service filed concurrently herewith]*<br><br>Hearing Date:   December 23, 2019<br><br>NO ORAL ARGUMENT UNLESS SCHEDULED BY THE COURT<br><br>Complaint Filed:   July 12, 2019 |

DOLL AMIR & ELEY LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOLL AMIR & ELEY LLP

# TABLE OF CONTENTS

Page(s)

I.      INTRODUCTION ...........................................................................1

II.     BACKGROUND AND ALLEGATIONS ......................................2

III.    PROCEDURAL HISTORY ..........................................................3

    A.  Rosenow's Arrest And Indictment ....................................3

    B.  Rosenow Contests The Lawfulness Of Yahoo's Disclosures—And Loses........................................................4

    C.  Rosenow Files His Complaint Here—Almost 4 Years After The Yahoo Searches And Disclosures .........................4

    D.  Rosenow Is Convicted And Moves For A New Trial.....................4

IV.     LEGAL STANDARD .....................................................................4

V.      ARGUMENT ...................................................................................6

    A.  Rosenow's Claims Under Federal Law Fail .......................6

        1.  The Complaint Fails To State A Claim For Violation Of The SCA ..............................................6

        2.  The Complaint Fails To State A Claim Under The Federal Wiretap Act .....................................8

    B.  Rosenow's SCA, Federal Wiretap, And Negligence Claims Are Time-Barred ...........................................................11

    C.  Rosenow's Claims Under State Law Fail .........................12

        1.  The Complaint Fails To State A Claim For Violation Of CIPA...................................................12

            a.  The CIPA Claim Is Time-Barred ...............12

            b.  Rosenow Cannot State A Claim For Violation Of CIPA .....................................12

        2.  Rosenow Fails To State A Claim For Negligence ................13

    D.  Leave To Amend Should Be Denied...................................14

VI.     CONCLUSION ..............................................................................14

1

# <u>TABLE OF AUTHORITIES</u>

2

**Cases**

*Adams v. Johnson,*
  355 F.3d 1179 (9th Cir. 2004) ...................................................................... 6

*Artiglio v. Corning,Inc.,*
  18 Cal. 4th 604 (1998) ............................................................................... 13

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009).................................................................................... 5

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007).................................................................................... 5

*Berry v. Funk,*
  146 F.3d 1003 (D.C.Cir.1998) .................................................................. 10

*Bradley v. Google, Inc.,*
  No. 06-cv-5289-WHA, 2006 WL 3798134 (N.D. Cal. Dec. 22, 2006) ................. 13

*Cline v. Reetz-Laiolo,*
  329 F. Supp. 3d 1000 (N.D. Cal. 2018)..................................................... 12

*Crowley v. Cybersource Corp.,*
  166 F. Supp.2d 1263 (N.D. Ca. 2001) ...................................................... 10

*Fayer v. Vaughn,*
  649 F.3d 1061 (9th Cir. 2011) .................................................................... 6

*Fox v. Ethicon Endo-Surgery, Inc.,*
  35 Cal.4th 797 (2005).......................................................................... 11, 12

*Galbraith v. Cty. of Santa Clara,*
  307 F.3d 1119 (9th Cir. 2002) .................................................................... 5

*Gourley v. Google, Inc.,*
  137 S.Ct. 36 (2016)..................................................................................... 6

*Grisham v. Philip Morris U.S.A., Inc.,*
  40 Cal. 4th 623 (2007) .............................................................................. 11

*Holden v. Hagopian,*
  978 F.2d 1115 (9th Cir.1992) .................................................................... 10

*In re Google, Inc. Cookie Placement Consumer Privacy Litig.,*
  806 F. 3d 12 (3d Cir. 2015) ................................................................... 6, 10

*In re Nickelodeon Consumer Privacy Litig'n,*
  827 F. 3d 262 (3d Cir. 2016) ...................................................................... 6

*In re Zynga Privacy Litig.,*
  750 F. 3d 1098 (9th Cir. 2014) ................................................................... 9

*Kirk v. Embarq Management Co.,*
  702 F.3d 1245 (10th Cir. 2012) ................................................................ 10

*Konop v. Hawaiian Airliines, Inc.,*
  302 F.3d 868 (9th Cir. 2002) .................................................................... 9n

DOLL AMIR & ELEY LLP

ii

*Lee v. City of L.A.*,
  250 F.3d 668 (9th Cir. 2001) .................................................................................. 5

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
  519 F.3d 1025 (9th Cir. 2008) .............................................................................. 5

*Matera v. Google Inc.*,
  No. 15-CV-04062-LHK, 2016 WL 5339806 (N.D. Cal. Sept. 23, 2016) ............... 13

*Merrill v. Navegar, Inc.*,
  26 Cal. 4th 465 (2001) ........................................................................................ 13

*Rice v. Rice*,
  951 F.2d 942 (8th Cir.1991) .................................................................................. 8

*Sams v. Yahoo! Inc.*,
  713 F.3d 1175 (9th Cir.2013) ........................................................................... 8, 11

*Saul v. United States*,
  928 F.2d 829 (9th Cir.1991) ................................................................................ 14

*Shaw v. Hahn*,
  56 F.3d 1128 (9th Cir. 1995) ................................................................................. 5

*Shwarz v. United States*,
  234 F.3d 428 (9th Cir. 2000) ................................................................................ 5

*Steckman v. Hart Brewing Inc.*,
  143 F.3d 1293 (9th Cir.1998) .............................................................................. 14

*U.S. v. Rosenow*,
  2018 W.L. 6064949 (S.D. Cal. Nov. 20, 2018) ................................................ 1, 4, 7

*U.S. v. Wolfenbarger*,
  2019 W.L. 4085260 (N.D. Cal. 2019) ................................................................... 7n

*Underhill v. Kornblum*,
  2017 WL 2869734 (S.D. Cal. Mar. 16, 2017) ...................................................... 13

**Statutes**

18 U.S.C. § 2251(c) ............................................................................................ 3, 4, 7
18 U.S.C. § 2252(a)(4)(B) ................................................................................... 3, 4, 8
18 U.S.C. § 2252(b)(2) ............................................................................................. 3
18 U.S.C. § 2258A ........................................................................................ 1, 7, 11, 13
18 U.S.C. § 2258A(a) ............................................................................................. 13
18 U.S.C. § 2258A(c) ............................................................................................... 7
18 U.S.C. § 2258A(c)(1) .......................................................................................... 7n
18 U.S.C. § 2258A(e) ............................................................................................. 14
18 U.S.C. § 2423(b) ................................................................................................. 3
18 U.S.C. § 2510 ..................................................................................................... 8
18 U.S.C. § 2510(4) ................................................................................................. 9
18 U.S.C. § 2510(8) ................................................................................................. 9
18 U.S.C. § 2510(5)(a)(ii) ....................................................................................... 10

DOLL AMIR & ELEY LLP

iii

18 U.S.C. § 2511(1)(a) .................................................................................. 9
18 U.S.C. § 2511(1)(b) ................................................................................. 9n
18 U.S.C. § 2511(1)(c) .................................................................................. 9
18 U.S.C. § 2511(1)(d) .................................................................................. 9
18 U.S.C. § 2520(d) .................................................................................... 10
18 U.S.C. § 2520(d)(3) .................................................................................. 8
18 U.S.C. § 2520(e) .................................................................................... 11
18 U.S.C. § 2702(a) ...................................................................................... 6
18 U.S.C. § 2702(b) ...................................................................................... 6
18 U.S.C. § 2702(b)(6) ......................................................................... 6, 7, 8
18 U.S.C. § 2707(e) ...................................................................................... 8
18 U.S.C. § 2707(f) ..................................................................................... 11
Cal. Civ. Proc. Code § 335.1 ..................................................................... 11
Cal. Civ. Proc. Code § 340(a) .................................................................... 12
Cal. Pen. Code § 631 .................................................................................. 13
Cal. Pen. Code, § 630 ................................................................................. 12

**Rules**

Fed. R. Evid. 201(b) ..................................................................................... 5
Fed. R. Civ. P. 12(b)(6) .......................................................................... 1, 5
Fed. R. Civ. P. 8(a) ....................................................................................... 5
Fed. R. Civ. P. 8(a)(2) .................................................................................. 4

DOLL AMIR & ELEY LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES*                    3:19-CV-01297-WQH-MDD
*IN SUPPORT OF MOTION TO DISMISS COMPLAINT*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Oath Holdings Inc. (erroneously sued as "Yahoo, Inc.") ("Yahoo") respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.    **INTRODUCTION**

This case stems from an investigation that resulted in the conviction of Plaintiff Carsten Rosenow ("Rosenow") for attempted sexual exploitation of a child and possession of child pornography.  In June 2017, Rosenow was arrested at the San Diego airport where he had arrived following a trip to the Philippines for the purpose of illicit sexual encounters with children.  In August 2019, Rosenow was convicted on two counts related to possession of child pornography.

Rosenow has sued Yahoo alleging claims for violation of state and federal law stemming from its role in the investigation that ultimately led to Rosenow's conviction. Specifically, Rosenow's claims are based on Yahoo's disclosures in 2014 and 2015 to the National Center for Missing and Exploited Children ("NCMEC"), and also allegedly to the Federal Bureau of Investigation ("FBI"), of information from Rosenow's Yahoo account, which Yahoo discovered during its investigation of criminal activity on its platform.  Notably, Rosenow has filed a motion for a new trial in his criminal case, and through his civil lawsuit, appears to seek to collaterally attack his conviction which was based in part on evidence stemming from his Yahoo account.

As discussed below, none of Rosenow's claims have any merit.  The First Cause of Action for Violations of the Stored Communications Act ("SCA")—which prohibits electronic communication services such as Yahoo from disclosing its customers' communications content—must be dismissed because Yahoo's disclosure falls under the exception for reports to the NCMEC under 18 U.S.C. § 2258A.  In Rosenow's criminal case, this Court already ruled that Yahoo's report was properly submitted to the NCMEC.  *U.S. v. Rosenow*, 2018 W.L. 6064949, Case No. 17CR3430 WQH (S.D.

DOLL AMIR & ELEY LLP

Cal. Nov. 20, 2018).

The Second Cause of Action for Violations of the Federal Wiretap Act ("Wiretap Act") and Third Cause of Action for Violations of the California Invasion of Privacy Act ("CIPA") must be dismissed because the Complaint does not plead facts establishing the "interception" of the "content" of any electronic communications. The Wiretap Act claim also fails because Yahoo made its disclosure pursuant to the statutory authorization for reports to the NCMEC, and therefore is entitled to the "good faith" defense under the Wiretap Act.

The Fourth Cause of Action for Negligence must be dismissed because the Complaint does not plead the breach of any duty imposed under California law. This claim is derivative of Rosenow's causes of action for violation of the SCA, Wiretap Act and CIPA, and fails along with those claims.

Finally, all of Rosenow's claims should be dismissed because they are barred by the statute of limitations. The conduct of which Rosenow complains occurred in 2014 and 2015. The SCA, Wiretap Act, and negligence claims are subject to a two-year statute of limitations. The CIPA claim is subject to a one-year statute of limitations. Rosenow filed his Complaint in July 2019—well outside the limitations period.

Rosenow fails to plead facts sufficient to state a claim and no amount of further pleading could alter these dispositive undisputed facts. The Court should grant Yahoo's Motion to Dismiss and dismiss the Complaint without leave to amend.

## II.   BACKGROUND AND ALLEGATIONS[1]

Rosenow alleges that in September 2014, Xoom.com advised Yahoo that certain Yahoo accounts were potentially involved in illegal activity involving minors. *See* Compl. ¶ 7. In response, Yahoo searched electronic communications associated with these accounts and provided government agencies with the contents of certain communications. *Id.* ¶¶ 8, 10.

---

[1] The facts cited here are taken from the Complaint and are not admitted as true.

2

DOLL AMIR & ELEY LLP

Rosenow alleges that, through its searches, Yahoo discovered various account holders "allegedly" buying and selling child pornography. Compl.¶ 12. Yahoo identified these suspects in a report sent to the NCMEC and the FBI in October 2014. *Id.* ¶ 12. This report did not mention Rosenow. *Id.* ¶ 13.

While the FBI was executing subpoenas for the financial information of suspects identified in the October 2014 NCMEC report, Yahoo began searching Rosenow's account, including emails, chats, and other electronic communications. Compl. ¶ 15-16. Yahoo submitted a supplemental report to the NCMEC and FBI in which it provided the contents of Rosenow's electronic communications, and implicated him in travelling internationally for the purpose of soliciting minors for sex. *Id.* ¶ 20. Rosenow alleges that Yahoo never informed him of these searches. *Id.* ¶¶ 22-24.

Rosenow alleges that Yahoo continued to search his account in 2015 and that, in October 2015, Yahoo provided further communications to the FBI. Compl. ¶ 30. In December 2015, Yahoo submitted more reports to the NCMEC and FBI with his chat messages attached. Compl. ¶ 34. Rosenow was arrested at the San Diego airport in June 2017. *Id.* ¶ 59. Law enforcement agents searched his property, including his cell phone and home, ultimately leading to Rosenow's indictment. *Id.* ¶ 60

## III. <u>PROCEDURAL HISTORY</u>

### A. <u>Rosenow's Arrest And Indictment</u>

On June 21, 2017, Rosenow was arrested. *See* Compl. ¶ 59; RJN ¶ 1. On July 19, 2017, a one-count information was filed charging Rosenow with one count of travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). *See* RJN ¶ 1. On October 19, 2017, a three-count indictment was filed against Rosenow charging one count of attempted sexual exploitation of a child in violation of 18 U.S.C. § 2251(c); one count of travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b); and one count of possession of images of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). *See* RJN, Ex. A.

DOLL AMIR & ELEY LLP

DOLL AMIR & ELEY LLP

**B.**  **Rosenow Contests The Lawfulness Of Yahoo's Disclosures—And Loses**

On March 19, 2018, Rosenow moved this Court to suppress evidence against him stemming from Yahoo's searches and disclosures to the NCMEC of his electronic communications.   RJN, Ex. B.   On April 27, 2018, the United States opposed Rosenow's motion. RJN, Ex. D.  The Court heard Rosenow's motion on November 20, 2018.  Case No. *3:17-CR-03430,* ECF No. 87.   Following the hearing, the Court denied Rosenow's motion in its entirety.  *See, Rosenow*, 2018 WL 6064949.

**C.**  **Rosenow Files His Complaint Here—Almost 4 Years After The Yahoo Searches And Disclosures**

While he was awaiting trial on the criminal charges against him, Rosenow filed his Complaint in the instant action on July 12, 2019, alleging causes of action for (1) violations of the SCA; (2) violations of the Wiretap Act; (3) violations of CIPA; and (4) negligence. *See* Compl. ¶¶ 63-75; 76-82; 83-93; 94-98.

**D.**  **Rosenow Is Convicted And Moves For A New Trial**

On August 30, 2019, shortly after he filed the instant Complaint, Rosenow was convicted by a jury in this Court on two counts:

- Count One – Title 18, United States Code, Section 2251(c), Attempted Sexual Exploitation of a Child – Production of Child Pornography
- Count Two – Title 18, United States Code, Section 2252(a)(4)(B), Possession of Images of Minors Engaged in Sexually Explicit Conduct

*See* RJN, Ex. E.

On November 4, 2019, Rosenow moved for a new trial. Case No. *3:17-CR-03430,* ECF No. 206-1.

**IV.**  **LEGAL STANDARD**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to

4

include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted).

For purposes of ruling on a Rule 12(b) (6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court need not, however, accept as true allegations contradicted by judicially noticeable facts. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). And, a court "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

In that regard, although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir.2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir.2002). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Importantly, Court need not "assume the truth of legal conclusions merely

*DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES*                    3:19-CV-01297-WQH-MDD
*IN SUPPORT OF MOTION TO DISMISS COMPLAINT*

DOLL AMIR & ELEY LLP

1  because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d

2  1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted).  Mere

3  "conclusory allegations of law and unwarranted inferences are insufficient to defeat a

4  motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

5  **V.    ARGUMENT**

6      **A.    Rosenow's Claims Under Federal Law Fail**

7          **1.    The Complaint Fails To State A Claim For Violation Of The**

8              **SCA**

9      Rosenow's First Cause of Action for violation of the SCA fails because the SCA

10  expressly permits disclosure in the circumstances alleged here.

11      The SCA aims to prevent "potential intrusions on individual privacy arising from

12  illicit access to 'stored communications in remote computing operations and large data

13  banks that stored emails.'"  *In re Nickelodeon Consumer Privacy Litig'n*, 827 F.3d 262,

14  276 (3d Cir. 2016) (quoting *In re Google, Inc. Cookie Placement Consumer Privacy*

15  *Litig.*, 806 F.3d 12, 145 (3d Cir. 2015), *cert. denied sub nom., Gourley v. Google, Inc.*

16  137 S.Ct. 36 (2016)).

17      The SCA prohibits providers of electronic communications services from

18  disclosing records, information, and contents of accounts, except under certain

19  circumstances. 18 U.S.C. § 2702(a). The SCA sets forth those exceptions in Section

20  2702(b).  Relevant here, Section 2702(b)(6) provides:

21

22      (b) Exceptions for disclosure of communications.--A provider described
        in subsection (a) may divulge the contents of a communication—

23

24      (6) to the National Center for Missing and Exploited Children, in
        connection with a report submitted thereto under section 2258A;

25

26  18 U.S.C. § 2702(b)(6).

27      The NCMEC is a private, non-profit organization established by the United

28  States Congress.   The NCMEC is statutorily required to maintain the CyberTipline so

Doll Amir & Eley LLP

6

that internet service providers like Yahoo may report incidents of sexual exploitation of children to the NCMEC. *Id.* § 2258A(c). NCMEC must then forward these reports to federal law enforcement agencies. [2] *Id.* § 2258A(c).

This exception in the SCA for reports to NCMEC applies here. As stated above, Section 2702(b)(6) permits Yahoo to disclose stored communications to the NCMEC under Section 2258A. That is exactly what Rosenow alleges Yahoo did here. Compl. ¶¶ 20, 21. Therefore, Rosenow does not and cannot state a claim for violation of the SCA.

Rosenow attempts to circumvent the application of this exception by alleging that Yahoo's report to the NCMEC was somehow not authorized because his communications on Yahoo did not disclose "solicitation, receipt, or exchange of child pornography…." Compl. ¶ 36. As this Court has already found in connection with his criminal case, however, Yahoo lawfully made the report at issue to NCMEC under Section 2258A. 2018 WL 6064949 at *9-10. In denying Rosenow's motion to suppress, this Court held that:

> Yahoo ECIT discovered material on the Yahoo platform indicating that sellers and buyers, including [Rosenow], were suspected of using the Yahoo messenger to seek commercial sex with minors and to exchange sexual images of minors...
>
> The investigation of Yahoo ECIT pursuant to legitimate business purposes lead Yahoo to a duty to report under 18 U.S.C. § 2258A….

*Rosenow* 2018 WL 6064949 at *9. And in fact, Rosenow was convicted under 18 U.S.C. § 2251(c) for Attempted Sexual Exploitation of a Child – Production of Child

---

[2] The Complaint does not allege Yahoo *directly* disclosed communications to the FBI, which would not be true. The process by which reports are made available to law enforcement is set forth in 18 U.S.C. § 2258A(c). After NCMEC reviews a CyberTip, NCMEC must make CyberTips available to law enforcement, including "[a]ny Federal law enforcement agency that is involved in the investigation of child sexual exploitation." *U.S. v. Wolfenbarger,* 2019 WL 4085260 at*2-3 (N.D. Cal. 2019) (citing 28 U.S.C. § 2258A(c)(1)).

*DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT*                    3:19-CV-01297-WQH-MDD

DOLL AMIR & ELEY LLP

1  Pornography and under 18 U.S.C. § 2252(a)(4)(B) for Possession of Images of Minors

2  Engaged in Sexually Explicit Conduct.  RJN, Ex. E.

3       In addition, Yahoo's disclosures fall under the exception in 18 U.S.C. § 2707(e),

4  which provides that "a good faith reliance on—(1) a court warrant or order, a grand

5  jury subpoena, a legislative authorization, *or a statutory authorization* . . . is a complete

6  defense against any civil or criminal action brought under this chapter or any other

7  law." 18 U.S.C. § 2707(e) (emphasis added); *see also Rice v. Rice*, 951 F.2d 942, 944-

8  45 (8th Cir. 1991) (noting § 2520(d)(3)'s good faith defense applies to providers); *Sams*

9  *v. Yahoo! Inc.*, 713 F.3d 1175, 1180-81 (9th Cir. 2013).  In this case, Yahoo relied in

10 good faith on the statutory authorization in the SCA, 18 U.S.C. § 2702(b)(6), in making

11 its disclosure.  Rosenow is required to, but does not, plead facts showing a lack of good

12 faith to overcome a motion to dismiss. *Sams*, 713 F.3d at 1181.  Given the criminal

13 conduct for which he was convicted, he cannot plead that Yahoo was not entitled, in

14 good faith, to disclose his communications to the NCMEC.

15      Rosenow's First Cause of Action should be dismissed.

16      **2.      The Complaint Fails To State A Claim Under The Federal**

17          **Wiretap Act**

18      Rosenow's Second Cause of Action alleges violation of the Wiretap Act.  The

19 Wiretap Act is codified at 18 U.S.C. § 2510 *et seq.* and proscribes the *interception* of

20 wire, oral, and electronic communications, and the use or disclosure of such

21 communications.  The Wiretap Act applies to any person who:

> (a) intentionally intercepts, endeavors to intercept, or procures any other
> person to intercept or endeavor to intercept, any wire, oral, or electronic
> communication;
> . . . . .
> (c) intentionally discloses, or endeavors to disclose, to any other person
> the contents of any wire, oral, or electronic communication, knowing and
> having reason to know that the information was obtained through the
> interception of a wire, oral, or electronic communication in violation of
> this subsection;

DOLL AMIR & ELEY LLP

8

(d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection[.]

18 U.S.C. § 2511(1) (a), (c), (d).[3]

The Complaint does not clearly identify which section Yahoo allegedly violated, but any violation set forth above requires the "interception" of the "contents" of a communication. The Wiretap Act defines "intercept" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device."[4] 18 U.S.C. § 2510(4). "Contents," in turn, is defined as "includ[ing] any information concerning the substance, purport, or meaning of that communication." *Id.* § 2510(8). In *In re Zynga Privacy Litig.,* 750 F.3d 1098 (9th Cir.2014), the Ninth Circuit found that "record information regarding the characteristics of the message that is generated in the course of the communication" is not included in the definition of "contents." *Id.* at 1106. "Contents," therefore, is a legal term of art under the statute. A simple pleading of the term "contents" pleads only a legal conclusion—not facts.

Here, Rosenow does not plead facts sufficient to show that Yahoo *intercepted* the *contents* of a communication between him and a third party, as required by the Wiretap Act. Rosenow alleges that Yahoo "knowingly used an algorithm to intercept and scan [his] incoming chat messages for content during transit" and that Yahoo "intercepted" his communications. Compl. ¶¶ 16, 78. Rosenow, however, alleges no facts regarding the purpose of the alleged scanning or what alleged content was intercepted. Importantly, "[t]he Court need not accept a conclusory allegation that

---

[3] Plaintiff pleads nothing to suggest his claim is based on "oral" communications. 18 U.S.C. § 2511(1)(b).

[4] For a communication "to be 'intercepted' in violation of the Wiretap Act, it must be acquired during transmission, not while it is in electronic storage." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002).

DOLL AMIR & ELEY LLP

conduct alleged in the complaint constituted an interception under the Wiretap Act." *Crowley v. Cybersource Corp.*, 166 F. Supp.2d 1263, 1268 (N.D. Ca. 2001) (citing *Holden v. Hagopian,* 978 F.2d 1115, 1121 (9th Cir.1992) (court need not accept as true conclusory allegations, unsupported by the facts alleged)). Rosenow's allegations of "interception" are also just conclusions that this Court need not accept.

Rosenow's allegations do not provide facts as to the use of any "electronical," "mechanical," or other type of device used by Yahoo on its own platform. And, nothing in the Complaint suggests the alleged scanning was in anything other than Yahoo's ordinary course of business, which Yahoo is permitted to do under 18 U.S.C. § 2510(5)(a)(ii). *See, e.g., Kirch v. Embarq Management Co.,* 702 F.3d 1245, 1250 (10th Cir.2012) (holding that the defendant's ordinary course of business as an ISP necessarily required that it would have access to data that was transmitted over its equipment). Not every "interception" is unlawful. *See Berry v. Funk,* 146 F.3d 1003, 1009 (D.C.Cir.1998) (finding that actions are in the ordinary course of business if they are "justified by a valid business purpose" or "shown to be undertaken normally"). Interceptions that "facilitate[] the communication service or [are] incidental to the functioning of the provided communication service" are in the ordinary course of business." *In re Google Inc.*, 2013 WL 5423918, *8 (N.D. Cal. Sept. 26, 2013). Here, Rosenow was a Yahoo user using Yahoo's messaging functions. He pleads nothing to suggest that Yahoo—as the provider of the platform—did more than handle incoming chats as part of the provision of its messaging service. Nor does Rosenow plead that Yahoo used any separate electronic, mechanical or other device apart from the program itself to "intercept" Rosenow's chat messages.

In addition, as with the SCA, the Wiretap Act provides a good faith defense, which is applicable here. The Wiretap Act, 18 U.S.C. § 2520(d), provides a defense to any person who engages in conduct otherwise prohibited by the Wiretap Act if they do so in good faith reliance on a statutory authorization. Here, Yahoo relied on the statutory authorization in 18 U.S.C. § 2258A to report such communications to the

10

DOLL AMIR & ELEY LLP

NCMEC. As explained above, a plaintiff must plead facts supporting a lack of good faith to overcome a motion to dismiss. *Sams*, 713 F.3d at 1181. Based on the allegations in the Complaint, Rosenow does not and cannot do so here.

Rosenow's Wiretap Action claim must be dismissed.

**B.** **Rosenow's SCA, Federal Wiretap, And Negligence Claims Are Time-Barred**

The statute of limitations for claims brought under the Wiretap Act and SCA are two years from the date "the claimant first has a reasonable opportunity to discover the violation." 18 U.S.C. §2520(e); 18 U.S.C. §2707(f). Similarly, claims for negligence are subject to a two-year limitations period under California Law. Cal. Civ. Code § 335.1. Rosenow filed his Complaint in July 2019, years after the alleged monitoring at issue—Rosenow alleges no purportedly unlawful facts dating after December 2015. Rosenow's claim for negligence and his claims under the SCA and Wiretap Act are therefore time-barred.

Rosenow may contend that the discovery rule tolled the accrual of his claims until he was provided with full discovery in his criminal action. This will not save his claims. The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 634 (2007). "Under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." *Id.*

A plaintiff has reason to discover a cause of action when he or she "'has reason at least to suspect a factual basis for its elements.'" *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 807 (2005). Accrual does not wait until the plaintiff knows facts supporting each specific legal element of the cause of action; it occurs when the plaintiff has "reason to at least suspect that a type of wrongdoing has injured them." *Id.* "In other words, plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that

11

1    would have been revealed by such an investigation." *Id*. at 808.

2        Here, by the time Rosenow was arrested in June 2017, Rosenow had at least a

3    reason to suspect that the government had access to internet accounts he was using to

4    coordinate his criminal activity.  Therefore, his claims are time-barred.

5        **C.    Rosenow's Claims Under State Law Fail**

6            **1.    The Complaint Fails To State A Claim For Violation Of CIPA**

7                **a.    The CIPA Claim Is Time-Barred**

8        Rosenow's Third Cause of Action under CIPA is also time barred.  The statute

9    of limitations on a claim under CIPA is one year.  Cal. Code Civ. Pro. § 340(a);  *Cline*

10   *v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1050-51 (N.D. Cal. 2018).  Here, there can be

11   no doubt that Rosenow was aware of the searches and disclosures at issue in this

12   Complaint over a year ago, as he filed a motion to suppress the evidence stemming

13   from those searches and disclosures on March 19, 2018—a year and four months before

14   he filed his Complaint.  See RJN, Ex. E.  Rosenow's CIPA claim should be dismissed.

15               **b.    Rosenow Cannot State A Claim For Violation Of CIPA**

16       CIPA was enacted "to protect the right of privacy of the people of this state" from

17   what the Legislature perceived as "a serious threat to the free exercise of personal

18   liberties" which "cannot be tolerated in a free and civilized society." Cal. Pen. Code, §

19   630.

20       CIPA provides that:

21       Any person who, by means of any machine, instrument, or contrivance, or
22       in any other manner, intentionally taps, or makes any unauthorized
         connection, whether physically, electrically, acoustically, inductively, or
23       otherwise, with any telegraph or telephone wire, line, cable, or instrument,
24       including the wire, line, cable, or instrument of any internal telephonic
         communication system, or who willfully and without the consent of all
25       parties to the communication, or in any unauthorized manner, reads, or
26       attempts to read, or to learn the contents or meaning of any message,
         report, or communication while the same is in transit or passing over any
27       wire, line, or cable, or is being sent from, or received at any place within
         this state….
28

*DOLL AMIR & ELEY LLP*

12

Cal. Pen. Code § 631.

"The analysis for a violation of CIPA is the same as that under the federal Wiretap Act." *Underhill v. Kornblum*, 2017 WL 2869734, at *6 (S.D. Cal. Mar. 16, 2017). In that regard, "[l]ike its federal counterpart, [this] section of [CIPA] require[s] the *interception* of an electronic communication." *Bradley v. Google, Inc.*, No. 06-cv-5289-WHA, 2006 WL 3798134, at *6 (N.D. Cal. Dec. 22, 2006). As a result, "CIPA is violated when a person 'reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable.'" *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *10 (N.D. Cal. Sept. 23, 2016)(quoting Cal. Penal Code § 631).

Rosenow's CIPA claim is barred for the same reasons as his Wiretap Act claim—he does not properly allege an "interception" of the "content" of his communications. Rosenow's CIPA claim should be dismissed without leave to amend.

### 2.    Rosenow Fails To State A Claim For Negligence

Rosenow's negligence claim also fails. The elements of any negligence cause of action are duty, breach of duty, proximate cause, and damages. *Artiglio v. Corning, Inc.,* 18 Cal. 4th 604, 614 (1998). The existence and scope of duty are legal questions for the court. *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 477 (2001). Rosenow does not state facts giving rise to any actual duty allegedly breached by Yahoo.

Rosenow alleges that Yahoo's purported violations of the SCA, the Wiretap Act, and CIPA give rise to a negligence claim. Because Rosenow's negligence claim is entirely derivative of his statutory claims, the claim for negligence fails along with his statutory claims.

Further, there is no authority from which an independent duty could be derived. Under 18 U.S.C. § 2258A, Yahoo must report "apparent" violations of the relevant statutes to the NCMEC. 18 U.S.C. § 2258A(a). Yahoo's failure to do so, where required, is punishable by a fine of up to $300,000. *Id.* § 2258A(e).

Because Rosenow has not and cannot plead the existence of any duty breached

DOLL AMIR & ELEY LLP

by Yahoo, his claim must be dismissed.

### D.    Leave To Amend Should Be Denied

If this Motion is granted, leave to amend should be denied.

The general rule that parties are allowed to amend their pleadings does not apply to actions in which the amendment would be an exercise in futility, or in which the amended complaint would also be subject to dismissal. *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1297 (9th Cir.1998) (stating that the court need not extend the general rule that parties are allowed to amend their pleadings if amendment "would be an exercise in futility"). "A district court does not err in denying leave to amend where the amendment would be futile ... or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir.1991) (citations omitted); *see also Steckman,* 143 F.3d at 1298.

Here, Rosenow will not be able to amend his Complaint to avoid the applicable exceptions in the SCA and Wiretap Act, or to avoid the statute of limitations.  His Complaint should be dismissed without leave to amend.

## VI.    CONCLUSION

For all the foregoing reasons, Yahoo requests that its motion to dismiss be granted in its entirety and the Complaint dismissed, without leave to amend.


DATED:  November 15 , 2019

DOLL AMIR & ELEY LLP


By: */s/ Gregory L. Doll*
GREGORY L. DOLL
TED A. GEHRING
Attorneys for Defendant,
OATH HOLDINGS INC.,
erroneously named as "YAHOO, INC."

DOLL AMIR & ELEY LLP

*DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES*
*IN SUPPORT OF MOTION TO DISMISS COMPLAINT*

3:19-CV-01297-WQH-MDD