UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARSTEN ROSENOW, <br><br>                      Plaintiff, <br><br>v. <br><br>FACEBOOK, INC.; and YAHOO, INC., <br><br>                      Defendants. | Case No.: 19-cv-1297-WQH-MDD <br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the Motions to Dismiss Plaintiff's Complaint filed by Defendants Facebook, Inc. ("Facebook") (ECF No. 7), and Yahoo, Inc. ("Yahoo")[1] (ECF No. 8).

## I.   PROCEDURAL BACKGROUND

    On June 21, 2017, Carsten Rosenow was arrested at the San Diego airport and placed in federal custody. On July 19, 2017, an information was filed charging Rosenow with one

---

[1] Oath Holdings, Inc., asserts that Plaintiff Rosenow erroneously named Yahoo, Inc., as a Defendant. Oath Holdings, Inc., states:

> Effective June 12, 2017, Defendant Yahoo! Inc. transferred to Yahoo Holdings, Inc. all liabilities relevant to Plaintiff's claims. Yahoo Holdings Inc. thereafter changed its name to Oath Holdings Inc. Defendant Yahoo! Inc. no longer owns any interest in the past, present, or future liabilities relevant to this lawsuit.

(ECF No. 9 at 2).

count of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b). (*USA v. Rosenow*, 3:17-cr-01937-WQH, ECF No. 20). On October 19, 2017, a three-count indictment was filed charging Rosenow with one count of attempted sexual exploitation of a child in violation of 18 U.S.C. § 2251(c); one count of travel with intent to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b); and one count of possession of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). (*USA v. Rosenow*, 3:17-cr-03430-WQH, ECF No. 1).

On March 19, 2018, Rosenow filed a Motion to Suppress Evidence in his criminal case. (*Id.*, ECF No. 29). Rosenow moved the Court to suppress all of the evidence against him pursuant to the Fourth Amendment of the United States Constitution, contending that "[u]ltimately, all of the evidence against Mr. Rosenow is the result of warrantless searches of his private communications [by Facebook and Yahoo]—searches that were 'government action' on these facts." (*Id.*, ECF No. 29-1 at 9). On July 27, 2018, and August 8, 2018, the Court held an evidentiary hearing on Rosenow's Motion to Suppress Evidence. (*Id.*, ECF Nos. 72, 73). On September 10, 2018, Rosenow filed Supplemental Briefing in support of his Motion to Suppress Evidence. (*Id.*, ECF No. 76). On November 20, 2018, the Court issued an Order denying Rosenow's Motion to Suppress Evidence. (*Id.*, ECF No. 87). The Court found that Yahoo and Facebook were not government actors and that Yahoo and Facebook conducted investigations in their own interest, in accordance with their internal policies and procedures. The Court found that law enforcement conducted an investigation independent of Yahoo and Facebook and utilized the information provided by Yahoo and Facebook in compliance with all applicable laws. The Court further found that "Yahoo and Facebook reported information to NCMEC pursuant to applicable law based upon facts and circumstances supporting an apparent violation of child pornography laws." (*Id.*, ECF No. 87 at 23).

The Court held a jury trial in August 2019. On August 30, 2019, a jury returned a verdict finding Rosenow guilty on counts one and three of the indictment, for attempted sexual exploitation of a child in violation of 18 U.S.C. § 2251(c) and (e) and possession of

2

19-cv-1297-WQH-MDD

images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). (*Id.*, ECF No. 198). On March 3, 2020, the Court sentenced Rosenow to 300 months imprisonment. (*Id.*, ECF No. 247). On February 27, 2020, Rosenow filed a Notice of Appeal. (*Id.*, ECF No. 239).

On July 12, 2019, Rosenow, proceeding *pro se*, filed the civil Complaint against Defendants Facebook and Yahoo. (ECF No. 1). Rosenow brings claims against Defendants for negligence and for violations of the Stored Communications Act, 18 U.S.C. § 2702; the Wiretap Act, 18 U.S.C. § 2520; and the California Invasion of Privacy Act, Cal. Pen. Code § 631. Rosenow seeks general and compensatory damages, civil penalties, and attorneys' fees and costs.

On November 15, 2019, Defendants filed Motions to Dismiss Plaintiff's Complaint and Requests for Judicial Notice. (ECF Nos. 7-9). On December 9, 2019, Rosenow filed an Opposition to Defendants' Motions to Dismiss. (ECF No. 12). On December 16, 2019, Defendants filed Replies. (ECF No. 13, 14).

## II.   ALLEGATIONS OF THE COMPLAINT

In September 2014, internet company "Xoom" advised Defendant Yahoo "that certain Yahoo accounts were potentially involved in illegal activity involving minors." (ECF No. 1 ¶ 7). Yahoo searched the electronic communications of the accounts identified by Xoom. As a result of these searches, Yahoo "discovered various account holders who allegedly either bought or sold child pornography." (*Id.* ¶ 11). In October 2014, Yahoo created a report that identified the account holders Yahoo suspected bought or sold child pornography. The report included the contents of private communications, contact lists, IP information, and metadata. Yahoo provided this report to the National Center for Missing and Exploited Children ("NCMEC"). Rosenow was not identified in the October 2014 report.

While the Federal Bureau of Investigation ("FBI") was serving subpoenas related to the Yahoo accounts identified in the October 2014 report, Yahoo searched Rosenow's accounts, emails, and chat messages. During this process, Sean Zadig—a Yahoo employee

in the E-Crimes Investigation Team and former law enforcement officer—"communicated and worked closely" with the FBI in San Diego. (*Id.* ¶ 17). After Yahoo and Zadig reviewed Rosenow's electronic communications, Yahoo submitted a supplemental report to NCMEC that contained "the contents of Plaintiff's electronic communications and record information, and implicated Plaintiff in traveling internationally for the purpose of soliciting minors." (*Id.* ¶ 20). In July 2015, Yahoo gave the FBI notice that it would be performing more account searches. Yahoo "gathered Plaintiff's entire chat history, and yielded more evidence that allegedly incriminated Plaintiff." (*Id.* ¶ 29).

In December 2015, Yahoo provided NCMEC with more of Rosenow's chat messages. The FBI relied on the information Yahoo provided to "attempt to obtain a search warrant for Plaintiff's Yahoo accounts." (*Id.* ¶ 42). The U.S. Attorney's Office refused to authorize a search warrant. Rosenow's "Yahoo accounts never contained any evidence of solicitation, receipt, or exchange of child pornography." (*Id.* ¶ 36).

In early 2017, the FBI sent Defendant Facebook a request to preserve Rosenow's private Facebook profile. In March 2017, "the FBI in San Diego served an administrative subpoena on Facebook requesting the details of Plaintiff's Facebook accounts." (*Id.* ¶ 45). Facebook searched Rosenow's Facebook accounts, messages, and communications, even though the FBI did not have a warrant for the search. After this search, Facebook reported to NCMEC that it "had allegedly discovered evidence of child exploitation on Plaintiff's accounts." (*Id.* ¶ 49). The report included Rosenow's messages and communications. Rosenow's Facebook accounts "never contained any evidence of solicitation, receipt, or exchange of child pornography." (*Id.* ¶ 52).

The information that Facebook provided "led the government to obtain a search warrant against Plaintiff's property and personal effects." (*Id.* ¶ 58). After Rosenow was arrested in June 2017, government agents searched Rosenow's cellular phone and home. These searches led to Rosenow's criminal indictment.

///

///

### III. CONTENTIONS

Defendants contend that Rosenow's claims arise from Defendants' legal obligations to report apparent violations of child exploitation laws to NCMEC. Defendants contend that Rosenow's Stored Communications Act ("SCA") and Wiretap Act claims fails because Defendants' disclosed information pursuant to their legal obligations to report apparent or imminent violations of child sexual exploitation laws involving child pornography to NCMEC. Defendants contend that Rosenow's Wiretap Act claim fails because Rosenow does not plead facts that show Defendants intercepted Rosenow's communications.

Rosenow contends that Defendants' disclosed information that exceeded the scope of Defendants' authority under 18 U.S.C. § 2258A. Rosenow contends that he adequately states claims for violations of the SCA and Wiretap Act.

### IV. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quotation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept

as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted).

## V. JUDICIAL NOTICE AND INCORPORATION BY REFERENCE

Defendants request that the Court take judicial notice of facts and filings from Rosenow's criminal case. (*See* ECF No. 8 at 5-7; ECF No. 9-2 at 2-4). Yahoo requests that the Court take judicial notice of the facts of Rosenow's arrest, indictment, and conviction. Yahoo further requests that the Court take judicial notice of Rosenow's March 19, 2018, Motion to Suppress Evidence; the United States' April 27, 2018, Opposition to Rosenow's Motion to Suppress Evidence; Rosenow's May 11, 2018, Reply in Support of Rosenow's Motion to Suppress Evidence; and the Jury Verdict Form in Rosenow's criminal case. Facebook requests that the Court take judicial notice of Rosenow's Motion to Suppress Evidence; the Court's Order denying Rosenow's Motion to Suppress Evidence; Facebook's April 28, 2017, CyberTipline Report; and the FBI Form 302 filed by the U.S. Attorney's Office in Rosenow's criminal case. Facebook further requests that the Court consider the following documents incorporated by reference in Rosenow's Complaint: Facebook's Terms of Service; Facebook's data policy; and the FBI administrative subpoena served on Facebook.

Rosenow objects to the Court taking judicial notice of the requested documents. Rosenow contends that the Court "should only consider the documents from Plaintiff's criminal case for the limited purpose of their filing and existence, not for the truth of any of the allegations contained therein." (ECF No. 12 at 5). Rosenow contends that the Court should deny Facebook's request that the Court incorporate by reference Facebook's Terms of Service and data policy and the FBI subpoena, because the "attempt to provide extrinsic

evidence in support of its motion to dismiss . . . [is] improper at this pleading stage of the proceedings." (*Id.*).

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). "There are, however, two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion." *Id.* "First, a court may consider 'material which is properly submitted as part of the complaint' on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Id.* (quoting *Branch*, 14 F.3d at 453). Under this "incorporation by reference" doctrine, the court may consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (alteration in original) (quoting *In re Silicon Graphic Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 2002)). The court may also consider documents incorporated by reference where "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Id.* (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)). Second, the court may take judicial notice of "matters of public record" pursuant to Rule 201 of the Federal Rules of Evidence. *Lee*, 250 F.3d at 689 (quotation omitted). Rule 201 allows courts to take judicial notice of facts that are "not subject to reasonable dispute because" the facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

The date of Rosenow's arrest, the date of Rosenow's indictment, the charges on which Rosenow was indicted, the date of Rosenow's conviction, and the charges of which the jury found Rosenow guilty are facts that "can be accurately and readily determined . .

. ." Fed. R. Evid. 201(b). Rosenow does not oppose Yahoo's request that the Court take judicial notice of these facts, and these facts are "not subject to reasonable dispute." *Id.* The Court takes judicial notice of the requested facts regarding Rosenow's arrest, indictment, and conviction. The Court further takes judicial notice of the entire record in Rosenow's criminal case. *See Reyna Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (explaining that it is appropriate to take judicial notice of court filings and other matters of public record, such as pleadings in related litigation).

The Court further finds that the contents of Yahoo's December 2, 2015, CyberTipline Report and Facebook's April 28, 2017, CyberTipline Report are incorporated by reference in Rosenow's Complaint. Rosenow alleges facts regarding the contents of the CyberTipline Reports in the Complaint, and no party has questioned the authenticity of the reports. (*See* ECF No. 1 ¶¶ 36, 52 (alleging that Rosenow's communications disclosed by Defendants as part of the CyberTipline Reports "never contained any evidence of the solicitation, receipt, or exchange of child pornography")). The Court does not consider Facebook's Terms of Service, Facebook's data policy, or the FBI administrative subpoena in this Order.

## VI.   STORED COMMUNICATIONS ACT CLAIM

Rosenow brings his first cause of action against Defendants for violations of the SCA, part of the federal Electronic Communications Privacy Act ("ECPA"). Rosenow alleges that Defendants wrongfully disclosed the contents of his private communications to NCMEC in violation of 18 U.S.C. § 2702.

Defendants assert that they are required or permitted by federal law to report apparent or imminent violations of child sexual exploitation laws to NCMEC pursuant to 18 U.S.C. § 2258A. Defendants contend that § 2702(b)(6) of the SCA exempts from liability Defendants' disclosures of stored communications to NCMEC pursuant to § 2258A. Defendants contend that the Court has determined that Defendants lawfully reported Rosenow's communications to NCMEC pursuant to § 2258A in the Order denying Rosenow's Motion to Suppress Evidence in Rosenow's criminal case.

Rosenow contends that he sufficiently states a claim against Defendants for violations of the SCA. Rosenow contends that § 2258A only permits the reporting of complete communications that contain an image of apparent child pornography; § 2258A does not permit the disclosure of the private messages provided by Defendants. Rosenow contends that the motions in his criminal case did not involve the SCA or Wiretap Act.

The SCA prohibits providers of electronic communication services and remote computing services from "divulg[ing] to any person or entity the contents" of electronic communications, records, and other information, except under certain circumstances. 18 U.S.C. § 2702(a).[2] Under the exceptions to § 2702(a), "[a] provider . . . may divulge the contents of a communication . . . to the National Center for Missing and Exploited Children, in connection with a report submitted thereto under section 2258A." 18 U.S.C. § 2702(b)(6).

---

[2] 18 U.S.C. § 2702(a) provides:

> **(a) Prohibitions.**--Except as provided in subsection (b) or (c)--
>   **(1)** a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service; and
>   **(2)** a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service--
>     **(A)** on behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such service;
>     **(B)** solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing; and
>   **(3)** a provider of remote computing service or electronic communication service to the public shall not knowingly divulge a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications covered by paragraph (1) or (2)) to any governmental entity.

18 U.S.C. § 2258A provides that electronic communication service providers must or may disclose electronic communications, records, and other information in certain circumstances to "reduce the proliferation of online child sexual exploitation and to prevent the online sexual exploitation of children." 18 U.S.C. § 2258A(a)(1)(A). Section 2258A requires that a provider that "obtain[s] actual knowledge of any facts or circumstances" from which there is "an apparent violation" of a federal child sexual exploitation law "that involves child pornography" shall

> (i) provid[e] to the CyberTipline of NCMEC, or any successor to the CyberTipline operated by NCMEC, the mailing address, telephone number, facsimile number, electronic mailing address of, and individual point of contact for, such provider; and
>
> (ii) mak[e] a report of such facts or circumstances to the CyberTipline, or any successor to the CyberTipline operated by NCMEC.

18 U.S.C. § 2258A(a)(1)(A)(i), (a)(1)(B), (a)(2)(A). Section 2258A also permits the reporting of any "facts or circumstances which indicate a violation of [the federal child sexual exploitation laws] involving child pornography may be planned or imminent." 18 U.S.C. § 2258A(a)(1)(A)(ii), (a)(2)(B). The report "may, at the sole discretion of the provider," include:

> (1) Information about the involved individual. Information relating to the identity of any individual who appears to have violated or plans to violate a Federal [child exploitation law], which may, to the extent reasonably practicable, include the electronic mail address, Internet Protocol address, uniform resource locator, payment information (excluding personally identifiable information), or any other identifying information, including self-reported identifying information.
>
> (2) Historical reference. Information relating to when and how a customer or subscriber of a provider uploaded, transmitted, or received content relating to the report or when and how content relating to the report was reported to, or discovered by the provider or remote computing service provider, including a date and time stamp and time zone.
>
> (3) Geographic location information. Information relating to the geographic

>location of the involved individual or website, which may include the Internet Protocol address or verified address, or, if not reasonably available, at least one form of geographic identifying information, including area code or zip code, provided by the customer or subscriber, or stored or obtained by the provider.
>
>(4) Visual depictions of apparent child pornography. Any visual depiction of apparent child pornography or other content relating to the incident such report is regarding.
>
>(5) Complete communication. The complete communication containing any visual depiction of apparent child pornography or other content, including—
>
>>(A) any data or information regarding the transmission of the communication; and
>>
>>(B) any visual depictions, data, or other digital files contained in, or attached to, the communication.

18 U.S.C. § 2258A(b). After NCMEC reviews any report, it is required to provide the report to federal or state law enforcement. 18 U.S.C. § 2258A(c).

In this case, Rosenow alleges that Defendants unlawfully disclosed his record information and the contents of his electronic communications, including emails, messages, and chats, to NCMEC. Rosenow alleges that his Yahoo and Facebook accounts "never contained any evidence of the solicitation, receipt, or exchange of child pornography . . . ." (ECF No. 1 ¶¶ 36, 52). The Court considered Rosenow's argument that Yahoo and Facebook exceeded the scope of their reporting responsibilities under § 2258A in Rosenow's criminal case. After substantial briefing and an evidentiary hearing, the Court determined that "Yahoo and Facebook reported information to NCMEC pursuant to applicable law based upon facts and circumstances supporting an apparent violation of child pornography laws."[3] (*USA v. Rosenow*, 3:17-cr-03430-WQH, ECF No. 87 at 23).

---

[3] Rosenow has appealed his criminal conviction. (*USA v. Rosenow*, 3:17-cr-03430-WQH, ECF No. 239). This civil action would require this Court to reconsider its Order on Rosenow's Motion to Suppress Evidence in his criminal case and would "necessarily require [Rosenow] to prove the unlawfulness of his

The contents of the CyberTipline Reports demonstrate that Defendants obtained knowledge of facts or circumstances indicating "apparent" or "imminent" violations by Rosenow of the federal child sexual exploitation laws involving child pornography. 18 U.S.C. § 2258A(a). In the December 2, 2015, CyberTipline Report, Yahoo provided NCMEC with the contents of Rosenow's messages in which Rosenow appeared to be making arrangements to pay young girls ages eight to sixteen in the Phillipines for sex. (*See generally*, *USA v. Rosenow*, 3:17-cr-03430-WQH, Ex. 8, ECF No. 49-8). In the Yahoo messages, Rosenow requested pictures of the young girls. (*See id.* at 10 ("do you have pics"); *Id.* at 12 ("if you can send pic or show me before I can pick"); *Id.* at 13 ("can I see them now;" "can I see the girls first here in [Yahoo Messenger")). In the April 28, 2017, CyberTipline Report, Facebook provided NCMEC with the contents of Rosenow's messages in which Rosenow appeared to be making arrangements to pay young girls in the Philippines for sex. (*See generally*, Ex. 5, Declaration of Christin J. Hill in Support of Facebook's Motion to Dismiss, ECF No. 7-3). The messages contained three images Rosenow described in the message as "naked pic[s]." (*Id.* at 79).

Defendants, in their discretion, properly disclosed Rosenow's complete communications to NCMEC pursuant to 18 U.S.C. § 2258(b). Accordingly, Defendants' disclosures fall within the exception to liability under the SCA for divulging "the contents of a communication . . . to the National Center for Missing and Exploited Children, in connection with a report submitted thereto under section 2258A." 18 U.S.C. § 2702(b)(6). The Court concludes that Rosenow fails to state a claim for violation of the SCA.

Defendants' Motions to Dismiss Rosenow's first cause of action are granted.

## VII.  WIRETAP ACT CLAIM

Rosenow brings his second cause of action against Defendants for violations of the Wiretap Act, part of the federal ECPA. Rosenow alleges that Defendants intercepted

---

conviction or confinement." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A civil tort action is "not [an] appropriate vehicle[ ] for challenging the validity of outstanding criminal judgments . . . ." *Id.*

Rosenow's private communications and unlawfully disclosed the contents of his communications to NCMEC in violation of 18 U.S.C. § 2511.

Defendants contend that Rosenow fails to plead facts sufficient to show that Defendants intercepted the contents of Rosenow's communications. Rosenow contends that he sufficiently alleges that Defendants intercepted his communications in transit in violation of the Wiretap Act.

The Wiretap Act makes it unlawful to "intentionally intercept[ ] . . . any wire, oral, or electronic communication" or to "use[ ]" or "disclose[ ]" the contents of any intentionally intercepted communication. 18 U.S.C. § 2511(1). The Wiretap Act defines "intercept" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). For a communication "to be 'intercepted' in violation of the Wiretap Act, it must be acquired during transmission, not while it is in electronic storage." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002). "[A]cquisition occurs 'when the contents of a [ ] communication are captured or redirected in any way." *Noel v. Hall*, 568 F.3d 743, 749 (9th Cir. 2009) (quoting *United States v. Rodriguez*, 968 F.2d 130, 136 (2d Cir. 1992)).

In this case, Rosenow alleges that Facebook "knowingly and purposefully searched Plaintiff's accounts—including his private messages and communications . . . ." (ECF No. 1 ¶ 48). Rosenow alleges that Facebook reported the contents of Rosenow's messages to NCMEC. Rosenow fails to state facts that support an inference that Facebook "acquired [Rosenow's communications] during transmission." *Konop*, 302 F.3d at 878. Rosenow fails to state facts that support an inference that Facebook "use[d]" or "disclose[d]" the contents of any communication that was "acquired during transmission." *Id.*; 18 U.S.C. § 2511(1)(c)-(d). Rosenow fails to state facts that support an inference that the contents of the communications alleged in the Complaint were "intercept[ed]" by Facebook within the meaning of the Wiretap Act. 18 U.S.C. § 2511(1)(a).

Rosenow further alleges that "Yahoo warrantlessly searched Plaintiff's Yahoo account, including emails, chats, and other electronic communications." (ECF No. 1 ¶ 15). Rosenow alleges that "Yahoo knowingly used an algorithm to intercept and scan Plaintiff's incoming chat messages for content during transit and before placing them in electronic storage." (*Id.* ¶ 16). Rosenow alleges that Yahoo "reviewed the contents of Plaintiff's electronic communications—including emails, messages, and chats" and provided the contents of Plaintiff's communications to NCMEC. (*Id.* ¶ 19). Rosenow's allegation that Yahoo intercepted Rosenow's communications during transit are conclusory. Rosenow fails to allege facts that support an inference that Yahoo "captured or redirected" the contents of Rosenow's communications while in transit. *Noel*, 568 F.3d at 749. Rosenow fails to state facts that support an inference that Yahoo "use[d]" or "disclose[d]" the contents of any communication that was "acquired during transmission." *Konop*, 302 F.3d at 878; 18 U.S.C. § 2511(1)(c)-(d). Rosenow fails to state facts that support an inference that the contents of the communications alleged in the Complaint were "intercept[ed]" by Yahoo within the meaning of the Wiretap Act. 18 U.S.C. § 2511(1)(a).

Defendants' Motions to Dismiss Rosenow's second cause of action are granted.

## VIII. STATE LAW CLAIMS

Rosenow's remaining claims arise under California state law and include causes of action for negligence[4] and violation of the California Invasion of Privacy Act. The federal supplemental jurisdiction statute provides, "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The district courts may decline to exercise

---

[4] Rosenow alleges that Defendants breached a duty owed to Rosenow under the SCA and Wiretap Act. However, "[f]ederal question jurisdiction over a state law claim is not created just because a violation of federal law is an element of a state law claim." *Wander v. Kaus*, 304 F.3d 856, 857 (9th Cir. 2002).

supplemental jurisdiction" for a number of reasons, including if "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3).

"Depending on a host of factors, then—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims." *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the [*United Mine Workers of America v.*] *Gibbs*[,] [383 U.S. 715 (1966),] values of economy, convenience, fairness, and comity." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997) (quotation omitted). "'[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.'" *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1970)).

Rosenow's federal claims have been dismissed. The Court declines to exercise supplemental jurisdiction over Rosenow's state law claims.

Defendants' Motions to Dismiss are granted. Rosenow's Complaint is dismissed without prejudice.

## IX.   CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motions to Dismiss Plaintiff's Complaint (ECF Nos. 7, 8) are granted. Plaintiff's Complaint is dismissed without prejudice. No later than sixty (60) days from the date of this Order, Plaintiff may file a motion for leave to amend pursuant to Civil Local Rules 7.1 and 15.1(c).

Dated:  April 27, 2020

Hon. William Q. Hayes
United States District Court